[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's appeal the decision of the defendant commission approving an application of intervening defendant Henshon-Wingard Associates, Inc. to conduct regulated activities on property owned by the applicant on Shaker Road in Enfield. The commission acted pursuant to General Statutes § 22a-42a. The plaintiff appeals pursuant to §22a-43. The court finds the issues in favor of the plaintiffs.
Based on evidence presented at the hearing on this appeal, including stipulations of the parties, the court finds that the plaintiff's own property abutting or sufficiently close to the property which is the CT Page 4503 subject of the appeal and are, therefore, statutorily aggrieved by the commission's decision.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Defendant Henshon-Wingard filed its application on February 10, 2000, and the plaintiffs filed their petition for a hearing on February 29, 2000. The commission convened the hearing on March 21, 2000, and the hearing was closed on April 4, 2000. Before, during and after the hearing, Henshon-Wingard presented to the commission evidence in support of its application. This consisted of expert testimony together with supporting documentation. In addition, the commission had the advice of the town's professional engineering staff for its consideration. The plaintiffs, who opposed the application, also had the opportunity to present their views. There is no evidence in the record that suggests that the applicant or anyone else was denied a full opportunity to present relevant evidence and argument to the commission at the hearing.
On April 18, 2000, the commission met to act on the application. Seven members were present, but one member recused himself, citing a conflict, leaving six voting members. A motion was made and seconded to deny the application on the basis that a permit would have an adverse impact on the wetlands. As reflected in the minutes, there was considerable discussion with each of the members actively participating. The vote was a tie; three in favor, three opposed. The chairperson ruled that the motion did not carry. There was then a motion made and seconded to approve the application with many specific conditions. Again, there was a tie vote. The chairperson thereupon ruled that the application was not approved and "therefore effectively denied." The stated reason was that "The project will have an adverse impact on wetlands and watercourses."
Defendant Henshon-Wingard apparently received immediate actual notice of the commission's decision denying its application, for the very next day, April 19, 2000, its attorney wrote the chairperson of the commission requesting that the commission "reopen its deliberation on (the) application . . . and reconsider the decision." The attorney's letter set forth two reasons for the request: (1) that the decision is "confused and unclear" and was based on a conclusion of law — that a tie vote results in a denial — which may have been erroneous; and (2) that reasons given by commission members for opposing the application "were either directly contrary to evidence in the record or which misstated the applicable law." The attorney suggests that in reconsidering the decision the commission seek "the advice of its town staff person and perhaps also the Town Attorney." The attorney notes also the possibility that more CT Page 4504 commission members might be present at such a reconsideration, "making the chance of a tie vote less likely." Finally, the attorney states that since the "possible decision" reached on April 18 had not yet been published, the commission had until May 2 to reach a "final" decision.
The reasons advanced by Henshon-Wingard's counsel for reopening the proceedings are set forth in some detail because they are the only reasons appearing in the record for the action which the commission subsequently took.
On May 9, 2000, after receiving advice from the town attorney, the commission convened a special meeting to determine whether Henshon-Wingard's application should be reconsidered. At that meeting, the six members who voted on the application at the April 18 meeting were present along with a seventh member, Mary Bergamini. Commissioner Bergamini had not been present at the hearing on the application or at the meeting on April 18. Following discussion, the commission reconsidered its original decision and voted, four to three, to approve the application with several specific conditions. Commissioner Bergamini voted with the three members who had originally voted to approve the application, providing the tie-breaker. It is this decision on reconsideration to approve the application which is the subject of this appeal.
In their complaint and briefs to the court, the plaintiffs advance several arguments in support of their appeal. These may be summarized as follows: (1) The commission failed to state reasons for its decision to approve the application; (2) The applicant failed to demonstrate that there are no feasible and prudent alternatives to the proposed project; (3) The commission based its decision in part on evidence presented by the applicant outside the public hearing; (4) Commissioner Bergamini was not present at the public hearing and there is no evidence that she familiarized herself with the issues prior to voting in favor of the application; and (5) The decision on reconsideration was flawed because it was untimely and because there was not sufficient cause to change the original decision.
 Decision on Reconsideration
As a threshold question, the defendants contend that the plaintiffs did not adequately plead or brief the issues with respect to the decision on reconsideration. Accordingly, the defendants argue, the court should deem these issues abandoned. This argument is without merit. The complaint essentially asserts that the April 18 decision was final and that the CT Page 4505 commission improperly changed it on May 9, 2000. In their original brief to the court, the plaintiff argue that the reconsideration was improper because it was both untimely and without sufficient cause, citing Sharpv. Zoning Board of Appeals, 43 Conn. App. 512 (1996) and Ciccala v.Administrator, 161 Conn. 362 (1971).
In Sharp v. ZBA, supra, the Appellate Court held that the board's action in opening its original decision and changing it was invalid because the original decision was final and had been published. The fact that the original decision in Sharp had been published distinguishes that case from the present case. Nevertheless, most of the controlling principles followed by the Appellate Court in Sharp are applicable to the facts of the present case.
The decision of an administrative body such as the commission is final at the time it is made, subject to reconsideration only under certain circumstances. Sharp v. ZBA, supra, 43 Conn. App. 524. Once that decision has been published, however, it is not subject to reconsideration. Id., 526. Prior to publication, in order to open a decision; that is, reconsider it, the commission must act timely and with good cause. Id., 526.
With respect to timeliness, the court in Sharp noted that the applicable statute (C.G.S. 8-7) required publication of the decision within fifteen days. Accordingly, the court concluded that, in the absence of publication, there is "a period of fifteen days between (sic) the date of decision within which the board may open its decision for good cause. . . ." Id. 526. In this regard, timeliness is of the essence. Id. 524-525.
The statute applicable to the present case, C.G.S. 22a-42a(d)(1), establishes the same fifteen day publication time limit. Accordingly, this court concludes that, in the absence of publication, the defendant commission had fifteen days from the date of its April 18 decision to open that decision for good cause. That period expired on May 3, 2000. Since the defendant commission did not act to reconsider and change its original decision until May 9, 2000, its action was untimely and, therefore, invalid. The court notes in this regard that defendant Henshon-Wingard's attorney essentially conceded the earlier expiration date in her letter to the commission requesting reconsideration. See Return of Record #26.
Even if the action of the commission could be construed to have been timely, the record fails to reveal good cause for reconsidering the CT Page 4506 original decision. Quoting approvingly St. Patrick's Church Corp. v.Daniels, 113 Conn. 132, 137-138, the Sharp court observed:
 it appears to be well established that a zoning board of appeals or adjustment should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding: the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence. However, . . . [g]reat difficulty might be experienced by a hard and fast rule denying permission to rehear and modify [the board's] rulings . . . in correcting matters which were overlooked and were of slight materiality, but which were capable of speedy and practical correction . . . without prejudice to the rights of any one. . . . But the power to reconsider is not an arbitrary one and its exercise should be granted only when there is justification and good cause. Citations and internal quotation marks omitted. Emphasis added.)
For a more recent incarnation of the rule, the Sharp court also quoted approvingly R. Fuller, 9 Conn. Practice Series: Land Use Law and Practice, Sec. 21.1:
 It is unresolved whether a land use agency can open and reconsider a decision after it has been made, but before publication of the notice of the decision. There is no land use statute allowing reconsideration, which suggests that it can only be done to correct errors or for some other extraordinary reason, in order to promote finality and certainty of decisions and to prevent attempts to influence agency members to change their minds. (Emphasis added.)
As noted above, the reasons for the commission's action in this case apparently were those set forth in the letter of Henshon-Wingard's attorney requesting the reconsideration. In essence, the request was based on the attorney's contention that the decision to deny the application, which was made at the April 18 meeting, was based on mistakes of law and/or facts. They were not "matters which were overlooked and were of slight materiality, but which were capable of speedy and CT Page 4507 practical correction . . . without prejudice to the rights of any one." Rather, as Henshon-Wingard's attorney conceded in her letter, they were matters which could have been addressed on appeal. In short, the court concludes that no good cause has been shown for the reconsideration and the change in the commission's original decision. For that reason, the commission's action was invalid even if it were construed to have been timely performed.
The court's conclusion that the commission's reconsideration of its original decision was invalid makes it unnecessary to consider the other grounds cited by the plaintiffs in support of their appeal. The appeal is sustained. The commission's decision on reconsideration approving defendant Henshon-Wingard's application is vacated, and the commission's decision of April 18, 2000, denying the application is reinstated.
Maloney, J.